IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

DAVID J. DIAMOND, )
)
          Plaintiff, )
)
v. ) No. 04 C 801
)
AMERICAN EXPRESS COMPANY, )
)
          Defendant. )

## MEMORANDUM ORDER

On May 10, 2004 American Express Travel Related Services Company, Inc. ("American Express," mistakenly sued as "American Express Company") filed its Fed. R. Civ. P. ("Rule") 12(b)(6) motion to dismiss Count II of the Complaint filed against it by David Diamond ("Diamond"). Unfortunately, serious illness on the part of Diamond's counsel--both before the filing of that motion and over the space of the intervening months--had prevented him from responding to the motion until now. But happily a substantial improvement in counsel's health has permitted a current filing.

Quite apart from any consideration under Rule 12(b)(6) of whether there is any predicate for Diamond's recovery of punitive damages under the statute that he has invoked in Complaint Count I, no warrant exists for advancing Count II as a separate count in any event. In that respect see, e.g., NAACP v. Am. Family Mut. Ins. Co., 978 F.2d 287, 292 (7th Cir. 1992), noting as well what the last sentence of Rule 10(b) identifies as the

proper predicate for dividing a plaintiff's allegations into different counts.

But that is really a technical rather than a substantive flaw, for the standard exemplified by Hishon v. King & Spalding, 467 U.S. 69, 73 (1984)(adhering to the principle announced in Conley v. Gibson, 355 U.S. 41, 45-46 (1957)) is that Rule 12(b)(6) is satisfied if any set of facts consistent with a plaintiff's allegations would entitle plaintiff to relief. Here neither side has really identified any caselaw that would either support or negate Diamond's potential entitlement to recover punitive damages for the egregious conduct ascribed to American Express. It therefore cannot be said at this point whether the Fair Credit Billing Act or a common law claim based on the same alleged conduct would or would not support the kind of relief (both compensatory and punitive) that Diamond's counsel has identified in the prayer for relief that follows Complaint Count II.

What is clear is that the allegations of Complaint ¶16 as to the asserted impact of American Express' alleged conduct on Diamond should remain in place, at least for the present. That being so, Complaint Count II will not be dismissed at this time--instead the "Count II" label can simply be ignored, with the allegations of Complaint ¶16 to be treated as an integral part of Diamond's "claim for relief" (as to that concept, again

see the discussion in the NAACP case cited above). If future developments in the law were to call for the issue to be revisited, this Court would of course be ready to do so.

                                                        */s/ Milton I. Shadur*
                                                  Milton I. Shadur
                                                  Senior United States District Judge

Date: March 4, 2005